UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| UNITED STATES OF AMERICA, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 3:22-cr-00081 |
| BARRY MOORE | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

The Joint Motion for Sentence Reduction under U.S.C. § 3582(c)(2) seeks to reduce Barry Moore's sentence from 21 months to 15 months. (Doc. No. 52). Mr. Moore seeks this reduction due to the United States Sentencing Commission's Amendment 821, Subpart A that retroactively reduces status points for defendants who have 7 or more criminal history points.

**I. FACTUAL BACKGROUND**

Mr. Moore pleaded guilty to attempt to possess with intent to distribute MDMA, in violation of 21 U.S.C. § 846. Mr. Moore had five criminal history points and receive two additional criminal history points because he committed the instant offense while under a criminal justice sentence, which totaled seven criminal history points resulting in a criminal history category of IV. A total offense level of 12 and a criminal history category of IV resulted in a guideline range of 21 to 27 months' imprisonment.

**II. STANDARD OF REVIEW**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." Freeman v.

1

United States, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission ..., the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" United States v. Riley, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." Id. (internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" United States v. Thompson, 714 F.3d 946, 949 (6th Cir. 2013) (quoting Dillon v. United States, 560 U.S. 817, 826 (2010)). Section 1B1.10 recommends that the Court consider any danger to the public created by any reduction in a Defendant's sentencing, §1B1.10 cmt.n.1(B)(ii), as well as Defendant's post-sentencing conduct. Id. at n.1(B)(iii). The Court cannot reduce a Defendant's term of imprisonment to a term less than the amended guideline, § 1B1.10(b)(2)(A), (C), unless the Defendant's original sentence was below guidelines due to Defendant's substandard assistance to law enforcement as reflected in a government motion for such a reduction. Id.

### III.  ANALYSIS

Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence.  Id.  Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence.  Id.  Now, section 4A1.1(e) provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status."  Id.  A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1.  Id.

First, Mr. Moore's criminal history points decrease to five, which places him in Criminal History III.  A total offense level of 12 and a criminal history category of III results in an amended guideline range of 15 to 21 months, which is lower than his previous guideline range.  Although it appears that Mr. Moore is eligible for a sentence reduction, when he entered a plea of guilty, he waived relief under 18 U.S.C. § 3582(c)(2).  (Doc. No. 54).  However, for non-substantive reasons the government will not enforce Mr. Moore's waiver under 18 U.S.C. § 3582(c)(2).  (Id.).  The government joins Mr. Moore's request for a sentence of 15 months.

Now, the Court turns to the second step, whether the § 3553(a) factors support a reduction of his sentence.  The parties prepared a Joint Notice regarding the 3553(a) factors regarding Mr. Moore's eligibility for retroactive sentence reduction.  (Doc. No. 58).  Mr. Moore grew up in a dangerous household where he witnessed gun violence and his neighbors selling drugs frequently. Mr. Moore had a drug addiction that contributed to him selling drugs.  While Mr. Moore was struggling with his addiction, he lost his best friend—his father, which caused him to rely on drugs

even more. Mr. Moore did not commit any violations while on pretrial release. In fact, Mr. Moore made good use of pretrial release by opening a successful food truck business and getting custody of one of his children. Mr. Moore has not incurred any disciplinary infractions while in custody and his history and characteristics certainly support a reduction of his sentence.

The Court finds that a 15-month sentence would be sufficient to satisfy the purposes set forth in 18 U.S.C. 3553(a), while being no longer than necessary to achieve those purposes. A 15-month sentence affords adequate deterrence to criminal conduct considering the non-violent nature of the crime and his pre-trial and post-incarceration conduct. The sentence appropriately balances the low nature of the crime and the mitigating nature of Mr. Moore's personal history. A 15-month reduction still reflects the seriousness of the offense and promotes respect for the law.

### IV. CONCLUSION

For the foregoing reasons, the Joint Motion is **GRANTED** and effective February 1, 2024.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE